IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charquez Booker, | C/A No. 5:25-cv-13673-SAL |
| Petitioner, | |
| v. | **ORDER** |
| Warden Stephen Duncan, | |
| Respondent. | |

Petitioner Charquez Booker ("Petitioner"), a state prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2254. [ECF No. 1.] This matter is before the court on the Report and Recommendation (the "Report") of Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The magistrate judge recommends dismissing the petition without prejudice and without requiring Respondent to file a return because Petitioner has not exhausted his available state remedies. [ECF No. 16.] The Report explains that Petitioner has a pending post-conviction relief ("PCR") action. *Id.*

Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections to the Report and warning of the serious consequences if he failed to do so. *Id.* at 5. Petitioner objects to the recommended dismissal of his case. [ECF No. 19.] For the reasons that follow, the court agrees with the magistrate judge that this case should be dismissed without prejudice.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any

1

party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.*

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### DISCUSSION

In his § 2254 petition, Petitioner seeks to challenge his state conviction for aggravated murder and the 30-year sentence he received. *See* ECF No. 16. Petitioner pleaded guilty in May 2024 and has a pending PCR application in state court. *Id.* at 1. The magistrate judge recommends summary dismissal of this case, because Petitioner admits he has not exhausted his state court

remedies. *See id.* at 2–3. Under § 2254, exhaustion is required before federal habeas relief is available. *See* 28 U.S.C. § 2254(b)(1).[1] Accordingly, this petition is premature and must be summarily dismissed.

Petitioner objects to the recommended dismissal. He argues exhaustion is not required where it would be futile or where the state lacks the power to grant the relief requested. According to Petitioner, the state court lacked subject matter jurisdiction to accept his guilty plea. *See* ECF No. 19 at 2–4. He asks this court to declare his conviction and sentence void, in part based on state statutes and case law,[2] and to immediately release him. *Id.* But those arguments must be presented to the state courts. Until the state courts have concluded that process, his judgment remains valid, and federal review is premature. *See Washington v. Cartledge*, Civil Action No. 4:08-4052-PMD, 2010 WL 1257356, at *2 (D.S.C. Mar. 29, 2010) ("Petitioner simply cannot proceed with the instant petition until his application for post-conviction relief is ruled upon and a petition for a writ of certiorari is considered by the South Carolina Supreme Court. As such, the United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner finishes exhausting his state remedies.").

---

[1] While exhaustion is not jurisdictional, *see Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 (4th Cir. 1971), it is strictly enforced, *Thomas v. Eagleton*, 693 F. Supp. 2d 522, 538 (D.S.C. 2010), and for good reason. "The purpose of the exhaustion requirement is to 'give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015) (quoting *Jones v. Sussex I State Prison*, 591 F.3d 707, 712 (4th Cir. 2010)).

[2] The court also notes that federal habeas relief is available only for claims that a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2254(a), so if any of Petitioner's claims depend only on an alleged violation of state law, they would not be cognizable in this action.

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the court **ADOPTS** the Report, ECF No. 16. For the reasons discussed above and in the Report, the petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

April 6, 2026                                Sherri A. Lydon
Columbia, South Carolina              United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."